**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FREDERICK C. TIBERI, et al.,

      Plaintiffs,

      vs.                                                                    No. CIV 93-0397 JC/WWD

CIGNA FIRE UNDERWRITERS
INSURANCE CO., et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING MOTION TO DISMISS THE SIXTH CLAIM FOR RELIEF</u>**

      THIS MATTER came on for consideration of Defendants' Motion to Dismiss [Count VI] for Failure to State a Claim *(Doc.161)*. At a hearing held December 12, 1997, I heard the arguments of counsel and took the motion under advisement. Having reviewed the motion, the memoranda submitted by the parties and the relevant authorities, I find that the motion is not well taken and will be denied.

      Plaintiffs' Sixth Claim for Relief alleges that Defendants violated the New Mexico Unfair Trade Practices Act ("NMUTPA" or "the Act"), N.M.S.A. §§ 57-12-1 *et seq.*, by "knowingly making false and misleading statements and omitting to state material facts to plaintiffs . . . . in the regular course of defendants' business regarding the COMPAR program." The Act, however, specifically provides that NMUTPA shall not apply "to actions or transactions permitted under laws administered by a regulatory body of the State of New Mexico or the United States." N.M.S.A. § 57-12-7.

Plaintiffs concede that as insurance companies, Defendants are highly regulated by the State and must obtain its permission to transact insurance business within New Mexico. Plaintiffs contend, however, that "the specific conduct complained of must be permitted by state regulation in order for the UPA exemption to apply." Response Brief at 5. Senior Judge Mechem addressed a similar argument in an unpublished decision when the plaintiff sought to bring an claim under the NMUTPA against an airline company.

> Regulation requires at least that the regulatory body allows the actor to engage in the transaction through some form of license or permit. State ex rel. Stratton v. Gurley Motor Co., 105 N.M. 803, 737 P.2d 1180 (Ct.App.) cert. denied, 105 N.M. 781, 737 P.2d 893 (1987). The regulatory body need not permit the contested action, but need only permit the actor to engage in the transaction. Id.

Lopez v. American Airlines Inc., CIV 92-1444 M, slip op. (D.N.M. November 10, 1993). Relying on the same Gurley opinion, however, Judge Parker took the opposite position.

> In order for this exemption to apply, the New Mexico Court of Appeals requires a showing that (1) the defendant's activities generally are subject to regulation by an appropriate state or federal agency and (2) the specific activity which would otherwise constitute a violation of the Unfair Trade Practices Act is in fact 'permitted' by the applicable law or regulation. State ex rel. Stratton v. Gurley Motor Company, 105 N.M. 803, 808, 737 P.2d 1180 (Ct. App. 1987); Ashlock v. Sunwest Bank of Roswell, N.A., 107 N.M. 100, 103, 753 P.2d 346 (1988).

Kolker v. Sanchez, CIV 90-1082 JP, slip op. (D.N.M. December 10, 1991).

Defendants contend that such a narrow reading of the exemption as applied to the allegations in this case would expose them to liability under the NMUTPA as well as discipline under the New Mexico Insurance Code. They argue that the exemption under N.M.S.A. § 57-12-7 was intended to foreclose such a result. Yet, the Gurley opinion rejected the notion that the alternative remedy was unavailable when the alleged wrongful conduct was prohibited by both the NMUTPA and the relevant regulatory scheme.

> Our examination of the UPA and the UIPA [Unfair Insurance Practices Act] indicates that the legislature did not intend to preclude claims by the state under other laws for misrepresentations or alleged improper conduct relating to insurance activities. Instead of conflicting, each Act's remedial scheme functions to achieve different but complimentary results: the UIPA remedies regulate the insurance industry primarily through administrative enforcement, whereas the remedies under the UPA have distinct compensatory elements, providing relief to the injured person, as opposed to policing the industry. We determine that the legislature, in enacting the UIPA, did not intend to make the UIPA the exclusive remedy under state law for conduct prohibited in that Act. For example, a private plaintiff may pursue the remedies contained under Section 57-12-10 for unfair or deceptive trade practices, notwithstanding the statutory authority investing the superintendent of insurance with broad administrative powers under the Insurance Code.

Gurley, 105 N.M. at 806-07. Indeed, the exemption created by § 57-12-7 seems designed to avoid the conflict arising when conduct authorized by the regulatory body could otherwise fall within the prohibitions of the NMUTPA. Therefore, I will adopt Judge Parker's reading of New Mexico law and deny Defendants' motion to dismiss the sixth claim for relief.

**IT IS SO ORDERED.**

DATED this 22nd day of December, 1997.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**